## THE COST OF EXCHANGE SHOULD BE ADDED TO A JUDGMENT PAYABLE IN A FOREIGN COUNTRY.

Common Pleas Court of Franklin County.

### NATIONAL CITY BANK V. HOWARD W. MCCLOSKY.

Decided, April, 1926.

*Determination as to the Amount Due on a Note Payable in Rio de Janerio.*

Where judgment is given on a debt made payable in another country, the creditor is entitled to the full amount of principal and interest due, increased or diminished by the cost of exchange at the time of trial.

KINKEAD, J.

Defendant when a resident of Rio de Janeiro, Brazil, borrowed from the Rio de Janeiro Branch of the National City Bank of New York the sum of sixty contos de reis, giving his note due at one hundred and eighty days from date— 180 days from March 2, 1890. The note was payable "in this cit," Rio de Janeiro.

Though defendant resided at Rio de Janeiro when the obligation was entered into, still the fact that defendant has changed his place of residence to this jurisdiction makes it necessary to pay the Rio de Janeiro obligation here, in the venue of this court, for the reason that the case is tried here where judgment must be rendered.

In *Cash* v. *Kennion,* 11 Vesey 314, where a debt contracted in Jamaica was made payable in London, Lord Eldon held that the debtor was bound to pay the expense of remitting the money: "that if a debtor agrees to pay one hundred pounds in London on a given day, he ought to have that sum there on that day. If he fails in that contract, *wherever the creditor sues him, the law of that country ought to give him just as much as he would have had if the contract had been executed,*" there.

This rule was adopted in *Delegal* v. *Naylor,* 7 Bing. 460, 20 Eng. Com. Law, 208, and *Scott* v. *Bevan,* 2 Barn & Adol. 80, 22 Eng. Com. Law, 42.

The best considered American cases are in accord with the above stated rule.

In *Grant* v. *Healey,* 3 Sum. 523, Mr. Justice Story said:

"That whenever a debt made payable in one country is sued for in another country, the creditor is entitled to receive the full sum necessary *to replace the money in the country* where it ought to have been paid, with interest for the delay, for then, and then only, is he fully indemnified for the violation of the contract. In every such case the plaintiff is therefore entitled to have the debt due to him first ascertained *at the par of exchange between those countries added to* or *subtracted from* the amount, as the case may require, *in order to replace the money in the country where it ought to be paid.*"

Cochran J., in *Marburg* v. *Marburg,* 26 Wd. 84, expressed the view that the doctrine propounded by Story J. *supra* is "founded on principles of reciprocal justice."

In *Lee* v. *Wilcocks,* 5 Serg. & R., 48 the court declared the doctrine as expounded by Story to be "one founded on reciprocal justice;" and declared the settled rule to be:

"Where foreign money is the object, the suit is to fix the value according to the rate of exchange at the time of trial.".

3 Kent's Commentaries, 317 note, and 2 Parsons on Notes and Bills, 370, are said to contain the best considered cases (of that date) and the rule deduced from them is, that a creditor suing in one jurisdiction for an amount payable to plaintiff in a foreign country, in the currency of that country, is entitled to recover an amount sufficient to produce the debt where it was payable; or in other words, an amount equal to what he must pay to remit the debt to the place where it was payable.

It will also be seen from the authorities referred to that the amount recoverable should be commuted according to the rate of exchange at the time of the trial or judgment. This principle in both parties must be applied to cases entitling the party suing to judgment for an amount which at the time of trial as will enable him (plaintiff) to realize the

amount of his debt in "florins" at Frankfort. According to the rules of legal reasoning, the specific character of a foreign debt, as such, *is lost by the recovery of a judgment obtained in the jurisdiction of the action.* In such case, the debt merges in the judgment, which presumptively ascertains the liability of the debtor according to the law of the contract, and by the recovery of the judgment it becomes a domestic debt of record, in all respects subject to the law of the forum.

"By no other method known to our practice could the full recoverable amount of his claim have been ascertained and adjudged to him; he was therefore at liberty to show by competent evidence the ruling rate at which exchange in the paper currency of the United States could then be effected. The suggestion that the judgment is erroneous because it is entered for a larger amount than was claimed in the declaration can not affect the disposition of the case on appeal." *Marburg* v. *Marburg, supra.*

Judgment may therefore be entered for the amount sought, together with the added foreign exchange essential to a judgment upon the amount due.